**FILED**

JUL 2 3 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Trevor Little,                        )
                                      )
            Petitioner,               )
                                      )
      v.                              )    Civil Action No.    **12 1204**
                                      )
Eric Holder,                          )
                                      )
            Respondent.               )

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of the petition for a writ of mandamus and application for leave to proceed *in forma pauperis*. Upon review of the petition, the Court finds that petitioner has failed to state a claim for such extraordinary relief. It therefore will grant the *in forma pauperis* application and dismiss the petition pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Petitioner, a prisoner at the United States Penitentiary in Inez, Kentucky, seeks issuance of the writ to compel Attorney General Eric Holder, Jr., "to release him and/or start the process . . . ." Pet. at 1. Petitioner also seeks to compel an "investigation" of the assistant United States attorney in the Southern District of West Virginia who "indicted, prosecuted and left Plaintiff in prison for 16 and a half years." *Id.*

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005)

*N*                                                                    *3*

(citation omitted). "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). And the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citing *Powell v. Katzenbach*, 359 F.2d 234-35 (1965)) (other citations omitted).

Furthermore, mandamus relief is not available when, as here, an adequate remedy exists in habeas to address the underlying claim. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]") (citation omitted); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie"). Hence, the Court will dismiss this mandamus action for failure to state a claim upon which relief can be granted. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: July ___16___, 2012